MATTER OF CHIM

Application for Permission to Reapply

A-15936580

*Decided by Regional Commissioner May 25, 1973*

(1) In view of applicant's repeated violations of the immigration laws, his application for permission to reapply for admission is denied where the only favorable factor is that he is the beneficiary of a sixth preference visa petition.

(2) It is contrary to Service policy to conditionally approve an application for permission to reapply for admission to the United States except when the Service grants advance permission to reapply to an alien who will be executing an outstanding deportation order pursuant to exclusion or deportation proceedings.

ON BEHALF OF APPLICANT: Thomas Sung, Esquire
217 Park Row
New York, New York 10038

This matter is before the Regional Commissioner on appeal from the denial by the District Director of consent to reapply for admission after deportation.

The applicant is a 35-year-old native and citizen of China and resident of Hong Kong who first arrived in the United States at Baltimore, Maryland on September 25, 1964 as a crewman on a vessel. Service records reflect that he was refused permission to come ashore because the inspecting immigration officer was not satisfied that he was a bona fide nonimmigrant crewman who intended to depart with his vessel. The ship called again at the port of Baltimore on October 10, 1964 and upon application for shore leave the applicant was granted permission to land temporarily pursuant to section 101(a)(15)(D)(i) of the Immigration and Nationality Act. He immediately deserted his vessel, took a train to New York City and secured employment as a dishwasher in a restaurant on Long Island. He worked there until January 1965 when he began working at a restaurant in Brooklyn where he was apprehended by Service officers on January 22, 1965. He was finally deported to Hong Kong on November 20, 1965 after being advised that he would be committing a felony if he reentered or attempted to reenter the United States without first receiving permission to reapply for admission after deportation.

357

He thereafter in violation of law sought and gained admission to the United States as a nonimmigrant crewman on three occasions on April 28, 1968, June 15, 1968, and June 28, 1968. Each time he failed to reveal to the inspecting immigration officers the fact of his previous deportation from the United States. After admission for shore leave at Boston, Massachusetts on June 28, 1968, he again deserted his vessel and took up illegal employment in this country. On April 15, 1969, he was apprehended by Service officers at his place of employment as a dishwasher/cook at a restaurant in New Jersey. He was found hiding in a closet under a bag of soiled linens. He was subsequently ordered deported and a warrant of deportation was issued. Finally, at the request of counsel the warrant of deportation was cancelled and he was permitted to depart voluntarily from the United States at his own expense on March 22, 1971.

In February 1972 a sixth preference visa petition filed by one of the restaurants for whom the applicant had worked in the United States was approved. His services are desired by the petitioner as a cook. He is said to have three years' experience as a cook. It is noted that all such experience claimed was gained while the applicant was residing illegally in the United States. His service aboard ships as a crewman was not as a cook or related occupation.

The District Director denied the application in the exercise of the Attorney General's discretion finding no compelling reason for the applicant's presence in the United States and noting his prior abuse of the immigration laws.

Counsel has submitted a written brief in support of his appeal. He sets forth three basic arguments as follows:

*Point I*—It is the announced policy of the Service to grant permission to reapply for admission after deportation to aliens under similar circumstances.

*Point II*—The denial of voluntary departure should not be the basis for denial of permission to reapply for admission after deportation.

*Point III*—The need for the services of the applicant is a basis for granting the application.

In support of Point I, counsel cites three decisions involving circumstances similar to the matter at hand wherein the applications were granted during the period from 1969 to 1971. He argues that the Service has consistently followed a policy of granting such applications when there is an approved sixth preference visa petition.

We have reviewed five similar cases represented by this counsel in which the Regional Commissioner acted on appeals from denials between July 16, 1971 and January 17, 1973. All involved Chinese

crewmen who had deserted their vessels in the United States and had been deported. Each had a sixth preference visa petition approved as a cook. Of the five decisions, the Regional Commissioner sustained three and dismissed two appeals. Of the three sustained, each alien had deserted his ship here only once and two of these three had surrendered voluntarily to the Service.

It is clear that the Service has no policy of automatically granting such applications simply because a certain set of circumstances exists without consideration of other aspects of the matter such as the alien's behavior and prior immigration record.

It is not clear to us what counsel has in mind in Point II of the brief. We are in complete agreement with this argument. He has submitted a copy of a decision rendered by the Board of Immigration Appeals in deportation proceedings in which the last paragraph reads as follows:

> Counsel acts upon an improper assumption in stating that the District Director's refusal to reinstate voluntary departure must necessarily result in denial of an application by respondent for permission to reenter the United States after deportation. It does not follow that everyone who is deported is denied permission to reenter. *Determination of such an application requires careful consideration of all the factors involved.* (Emphasis added.)

In discussing Point III, counsel claims this case falls squarely within the guidelines set out in the *Matter of H—R—*, 5 I. & N. Dec. 769, which held that permission to reapply would not be granted unless at least one of the following elements was present:

(1) Unusual hardship would result to persons lawfully in the United States if the application should be denied.

(2) There is need for the services of the applicant in the United States.

(3) The applicant is a bona fide crewman who has no means of earning his livelihood other than by pursuing such calling, which necessitates his coming to the United States.

(4) It is necessary for the applicant to enter the United States frequently across the international land border to purchase the necessities of life or in connection with the business in which he is engaged or for some other urgent reason.

We find that none of these elements is present here. It is argued that there is a need for the applicant's services here. This may be true but the record contains no such evidence. The mere approval of the sixth preference visa petition does not establish a need. It merely establishes that he has a job offer and that the Labor Department has determined that there is a shortage of Chinese cooks here. Even assuming, arguendo, that a genuine need does exist, this one factor would not be persuasive to override the unfavorable exercise of discretion in view of the applicant's prior abuse and total disregard for the immigration laws of this country. This applicant has twice deserted his vessel in this country. He

has reentered this country at least three times after deportation without first securing the Attorney General's consent. These acts are crimes. (8 U.S.C. 1282(c); 8 U.S.C. 1326).

In a case in which a plaintiff challenged the unfavorable exercise of discretion by the Service, the United States Court of Appeals at Chicago stated on March 28, 1973:

The administrative record clearly shows that appellant is not entitled to a favorable exercise of discretion by the Attorney General. *Appellant has repeatedly and willfully violated the Immigration and Nationality Act. (Efrain Reyes-Cerna v. INS,* U.S.C.A. (7th Cir.) March 28, 1973) (Emphasis supplied).

We note that the applicant has requested that in the event his application is not granted for the purpose of obtaining permanent residence here that it be granted for the purpose of his entering as a nonimmigrant crewman.[1] That request will not be granted. First, except when the Service grants advance permission to reapply to an alien who will be executing an outstanding deportation order pursuant to exclusion or expulsion proceedings, in which case the approval of the application for such permission will contain the condition that the approval will become effective upon the applicant's deportation from the United States, it is contrary to Service policy to approve conditionally an application for permission to reapply. Second, it is clear from the applicant's previous actions that he is not a *bona fide* crewman as contemplated by section 101(a)(15)(D) of the Immigration and Nationality Act.

After very careful consideration of all the evidence at hand, including representations made on appeal, we find that the decision of the District Director was proper and did not constitute an abuse of administrative discretion. Accordingly, the appeal will be dismissed.

It is ordered that the appeal be and is hereby dismissed.

---

[1] In accordance with 8 CFR 212.2(a) and 8 CFR 212.4, a nonimmigrant may apply through a United States consular officer, in conjunction with an application for issuance of a nonimmigrant visa, for permission to be admitted temporarily to the United States pursuant to section 212(d)(3)(A) of the Immigration and Nationality Act, despite inadmissibility under section 212(a)(17) of that Act or any ground of inadmissibility other than those specified in section 212(a)(27) or 212(a)(29) of that Act.